## 48567. SHELTERS, INC. v. MANKIN et al.

BELL, Chief Judge. The plaintiffs' demands on the defendant corporation for an opportunity to examine the books, records and minutes of the defendant and for a profit and loss statement for the most recent fiscal year were refused by the latter. This suit followed under the authority of Code Ann. § 22-613 (d). After a hearing the trial court found for the plaintiff, entered a judgment directing that the defendant furnish the relief requested to the plaintiff and also adjudged a penalty of $500 in favor of each plaintiff as permitted by Code Ann. § 22-613 (d) and (g). *Held:*

1. Code Ann. § 22-613 (b) authorizes a "shareholder of record" the right upon demand to examine the books and records of account of a corporation. The defendant corporation refused the demand of plaintiff Mankin, contending that he was not a shareholder of record. The plaintiff Mankin had entered into a contract with a third party for the sale of his shares. However, defendant has admitted that the contract of sale for the shares still remained executory and further defendant has conceded in its brief that the plaintiff Mankin was still carried as a shareholder on the defendant's books. The fact that the plaintiff Mankin had entered into this contract for the sale between the plaintiff and another third person appears to us to be of no concern to the corporation and under these circumstances this plaintiff was "a shareholder of record." See *Sylvania &c. R. Co. v. Hoge,* 129 Ga. 734 (59 SE 806).

2. A trial court when considering a demand by a shareholder of record to make an inspection of the corporate books may deny the inspection if it finds that the shareholder has improperly used information secured through any prior examination of the books and records of account or that the shareholder was not acting in good faith or for a proper purpose in making the demand. Code Ann. § 22-613 (d). There is no evidence of any bad faith on the part of either of the plaintiffs nor any other reason from which the trial court could deny or restrict the inspection on the specified statutory grounds. The evidence thus authorized the trial court's findings of fact, conclusions of law and the judgment in favor of the plaintiffs.

3. All other enumerations of error are without merit.

*Judgment affirmed. Deen and Quillian, JJ., concur.*

ARGUED SEPTEMBER 10, 1973 — DECIDED FEBRUARY 12, 1974.

■■■■■■■■■

*Davis, Matthews & Quigley, L. Brown Bivens, Baxter L. Davis,* for appellant.

*Lanier & Elliott, E. Ray Lanier, Wayne T. Elliott,* for appellees.